UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN C.,

                                          Plaintiff,

               v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                                          Defendant.
_____

<u>DECISION AND ORDER</u>

23-CV-6145DGL

Plaintiff appeals from a denial of disability benefits by the acting Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

On September 21, 2020, plaintiff filed applications for a period of disability and disability insurance benefits, and for supplemental security income benefits, alleging an inability to work since July 23, 2019 – later amended by the ALJ to January 8, 2020, to account for a previous, binding determination, issued on January 7, 2020.

Plaintiff's applications were initially denied. Plaintiff requested a hearing, which was held via teleconference on February 25, 2022 before Administrative Law Judge Lucian A. Vecchio (the "ALJ"). The ALJ issued a decision on March 14, 2022, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #13 at 26-28). That decision became the final decision of the Commissioner on January 6, 2023, when the Appeals Council denied review. (Dkt. #5 at 1-3). Plaintiff now appeals.

The plaintiff has moved for judgment on the pleadings reversing the decision and remanding for further proceedings (Dkt. #6), and the Commissioner has cross moved (Dkt. #7) for judgment on the pleadings, pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ summarized plaintiff's medical history, and determined that he has the following severe impairments, not meeting a listed impairment: degenerative disease of the cervical spine; bilateral carpal/cubital tunnel syndrome, status-post left carpal tunnel and left cubital tunnel release in August 2014, and right carpal tunnel and right cubital tunnel release in November 2021; anal condyloma (skin papule growth), status-post-surgical excision in August 2019; asthma; hypertension; osteoarthritis; obesity; diabetes mellitus; depressive disorder; anxiety disorder; cluster B personality disorder; and marijuana use. (Dkt. #5 at 16).

Applying the special technique for mental impairments, the ALJ determined that plaintiff has a moderate limitation in understanding, remembering, and applying information, a moderate limitation in interacting with others, a moderate limitation in maintaining concentration, persistence, and pace, and a moderate limitation in adapting or managing himself. (Dkt. #5 at 18).

The ALJ accordingly concluded that plaintiff's mental impairments were not, by themselves, disabling. (Dkt. #5 at 18-19).

The ALJ found that plaintiff has the residual functional capacity ("RFC") to perform light work, with the following limitations: plaintiff is limited to simple, low-stress work, which does not require making decisions other than simple workplace judgments, no tasks requiring a specific production rate, and no more than occasional changes to the work routine. Plaintiff can no more than occasionally interact with supervisors, coworkers, and the public. He requires the ability to sit or stand at will for 90% of the workday, and can no more than occasionally kneel, squat, crawl, stoop, crouch or twist. He can frequently but not constantly reach with his right arm, and handle and finger bilaterally. He can never climb ladders, scaffolds, or stairs, walk on uneven surfaces, or be exposed to unprotected heights of heavy machinery. He should avoid respiratory irritants, requires two additional 10-minute breaks per day (one in the morning and one in the afternoon), and could be off-task for up to, but not including, 10% of the workday. (Dkt. #5 at 19).

When presented with this RFC as a hypothetical, vocational expert Zachary Fosberg testified that an individual of plaintiff's age (47 as of the alleged onset date) and educational level (high school) with this RFC would not be able to perform plaintiff's past relevant work as a warehouse supervisor, but could perform the representative unskilled light exertion jobs of price marker, assembler, and inspector. (Dkt. #5 at 28-29). The ALJ accordingly found plaintiff not disabled.

I.      **The ALJ's RFC Determination**

Initially, plaintiff argues that the ALJ erred by formulating a highly specific RFC determination – specifically, with limitations to: (1) up to 10% of time off-task and the need for two additional breaks; (2) ability to sit/stand at will for 90% of the workday; and (3) ability to

3

frequently reach with the right arm, and handle and finger bilaterally – that was not supported by substantial evidence in the record, and amounted to an improper substitution of layperson conjecture for well-founded medical opinion.

It is well settled that, "[w]hen assessing high specific RFC[s], such specificity must be based on the record, not the ALJ's own surmise," and an ALJ's substitution of layperson opinion for competent medical evidence is reversible error. *Rachel J. v. Comm'r of Soc. Sec.*, 2022 U.S. Dist. LEXIS 12641 at *14 (W.D.N.Y. 2022).

With respect to the ALJ's finding that plaintiff could be off-task for less than 10% of the workday, consulting psychologist Dr. Christine Ransom, and state agency reviewing psychologist Dr. D. Brown (summarizing and adopting Dr. Ransom's opinion), assessed "moderate" limitations with respect to attention, concentration, attendance, etc., although neither opinion defined or quantified a "moderate" limitation. (Dkt. #5 at 85-89, 104-108, 640-43). The ALJ gave found those opinions persuasive, and partially persuasive, respectively, and limited plaintiff to simple, routine tasks with no production pace requirements or complex decision-making, and an allowance for off-task time of less than 10%. (Dkt. #5 at 25-26).

In general, "if an ALJ believes that an off-task time limitation is necessary, he or she must refer to a medical opinion or other specific evidence in the record that supports such a limitation," and remand is required where the ALJ fixes a percentage of off-task time that is untethered to any medical opinion. *Joshua K. v. Comm'r of Soc. Sec.*, 2021 U.S. Dist. LEXIS 13450 at *6 (W.D.N.Y. 2021)(quoting *Michelle A. v. Saul*, 2020 U.S. Dist. LEXIS 230508 at *10 (W.D.N.Y. 2020)). Here, no medical source of record quantified plaintiff's attention and concentration limitations in terms of a precise percentage or amount of time, and the ALJ provided no reasoning whatsoever for his

highly-specific finding that plaintiff would be off-task for some portion of the day, amounting to less than 10%.

The Commissioner correctly notes that where there is substantial evidence in the record that a claimant will be off-task for *less* than the amount of time specified by the ALJ, such that the RFC finding "accounts, or more than accounts, for any credibly established functional restrictions," any error in the ALJ's off-task determination may be considered harmless. *See Johnson v. Colvin*, 669 Fed. App'x 44 (2d Cir. 2016). However, such is not the case here. In determining plaintiff's attention and concentration limitations, the ALJ cited only the opinion of consulting psychologist Dr. Ransom, who had assessed "moderate" difficulties with sustaining attention and concentration. (Dkt. #5 at 18). Because it is not clear from the face of Dr. Ransom's opinion – or from any other evidence of record – whether "moderate" difficulties in attention and concentration would fall over or under a 10% off-task cap, remand is necessary to further develop the record and reconsider the amount of time in a workday that plaintiff would be expected to be off-task. Nor is the ALJ's error in this respect harmless: the vocational expert testified that 10% or more time off-task would render plaintiff unemployable, and direct a finding of disability. Thus, whether plaintiff would be off-task for 10% or more, or less than 10%, of the workday, could dictate the outcome of the ALJ's decision.

With regard to the RFC limitation allowing for up to two additional 10-minute breaks, one in the morning and one in the afternoon (to account for plaintiff's fecal urgency and incontinence), the ALJ similarly made highly specific findings concerning plaintiff's bowel movement frequency and timing that were not supported by the record. Plaintiff's medical records indicated that in 2022, he reported an average of 2-3 bowel movements per day (the duration and timing of which was

not specified), and complained of additional, random episodes of fecal incontinence associated with walking or standing for 20 or more minutes at a time. (Dkt. #5 at 24, 1451).

The ALJ's finding that plaintiff's regular bowel movements and/or episodes of incontinence could be accommodated by one additional break in the morning and one additional break in the afternoon, was not supported by any specific testimony or medical opinion. Nor is the error harmless, because according to the vocational expert's testimony, a need for twice-daily bathroom breaks to be taken unpredictably, rather than one in the morning and one in the afternoon, would be preclusive of work. (Dkt. #5 at 71). As such, remand is necessary to develop the record and redetermine limitations appropriate to account for the nature and frequency of plaintiff's fecal urgency and/or incontinence.

Plaintiff also takes issue with the ALJ's determination that plaintiff required the ability to change between sitting and standing at will for 90% of the workday (with 90% being the amount of alternative sitting/standing that characterizes a "sit/stand option," according to the vocational expert). (Dkt. #5 at 19, 24, 67-68). This limitation, however, is well-supported by the record. Plaintiff testified that if he either stood or walked "too long," he suffered from fecal incontinence. (Dkt. #5 at 47). Plaintiff indicated – at the hearing, and to at least one treatment provider – that, "[i]f I walk for 20 minutes, then I have to go to the bathroom [or else] I soil myself," and that "if I'm walking more than I'd say 20 minutes to a half hour . . . then I have to go a restroom . . . or even if I'm just standing for long periods of time." (Dkt. #5 at 50, 52, 1422). In light of plaintiff's testimony concerning the potential for extended standing or walking to bring on episodes of incontinence, the ALJ's determination that plaintiff's incontinence could be avoided or accommodated by permitting plaintiff to change to a sitting position at will for 90% of the work day, was supported by substantial evidence.

Finally, plaintiff argues that a restriction to frequent but not constant reaching with the right arm, and handling and fingering bilaterally, was based on layperson speculation rather than the evidence of record. I find no error with regard to this portion of the ALJ's exertional RFC determination, which specifically and accurately tracked the reaching and handling limitations identified by consulting internist Dr. Harbinder Toor, and the objective findings upon which his examination was based. (Dkt. #5 at 67, 648)(specifying mild limitations in handling and fingering, and mild to moderate limitations reaching with the right shoulder due to pain).

Because I find that remand is necessary for the ALJ to reconsider and redetermine critical portions of plaintiff's RFC, I decline to reach plaintiff's additional and alternative arguments.

## CONCLUSION

For the forgoing reasons, I find that the ALJ's decision was not supported by substantial evidence, and was the product of legal error.

The plaintiff's motion for judgment on the pleadings (Dkt. #6) is granted, the Commissioner's cross motion for judgment on the pleadings (Dkt. #7) is denied, and the matter is remanded for further proceedings, including but not limited to obtaining and considering additional evidence concerning plaintiff's expected time off-task and fecal incontinence, and rendering a new decision.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       December 14, 2023.