UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN C.,

                              Plaintiff,

                                                            DECISION AND ORDER

                                                            23-CV-6145DGL

              v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                              Defendant.
_____


        Plaintiff, a prevailing party in a claim for Social Security benefits, filed the instant motion

for attorneys fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C.

§2412(d)(1)(A), on March 13, 2024. (Dkt. #12). The Commissioner filed a response opposing the

motion, on the grounds that the Commissioner's position in this action had been substantially

justified. Familiarity with the Court's prior decision in this matter (Dkt. #10) is presumed.

        For the reasons that follow, plaintiff's motion is granted.

### DISCUSSION

As the Second Circuit has explained:

> The [EAJA] provides that "a court shall award to a prevailing party . . . fees and
> other expenses . . . incurred by that party in any civil action (other than cases
> sounding in tort), including proceedings for judicial review of agency action,
> brought by or against the United States . . . unless the court finds that the position
> of the United States was substantially justified or that special circumstances make
> an award unjust."

*Vincent v. Comm'r of Soc. Sec.*, 651 F.3d 299, 302-03 (2d Cir. 2011) (quoting 28 U.S.C.
§2412(d)(1)(A)).

As such, eligibility for a fee award in a civil action under the EAJA requires: (1) that the claimant was a prevailing party; (2) that the government's position was not substantially justified; and (3) that there are no special circumstances that would make an award unjust. *See Gomez-Beleno v. Holder*, 644 F.3d 139, 144 (2d Cir. 2011). The government "bears the burden of showing that [its] position was 'substantially justified,' which the 'Supreme Court has construed to mean, 'justified to a degree that could satisfy a reasonable person.'" *Ericksson v. Comm'r of Soc. Sec.*, 557 F.3d 79, 81 (2d Cir. 2009) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

Here, the Commissioner does not dispute plaintiff's status as a prevailing party, or suggest that there are any special circumstances that would make an award unjust. Instead, the Commissioner argues that because the bases upon which this Court ordered the remand of the matter only partially embraced those presented and argued by plaintiff, the Commissioner's position in opposing that remand, and in arguing that the ALJ had a reasonable basis to arrive at the opinion from which plaintiff appealed, was substantially justified.

In his successful motion for judgment on the pleadings, plaintiff had argued that the ALJ erred by: (1) failing to support a highly-specific "10% off-task" RFC limitation with a corresponding medical opinion or other substantial evidence; and (2) failing to properly evaluate three of the medical opinions of record. The Commissioner, in their own motion for judgment on the pleadings, had argued that the ALJ properly considered all medical opinions of record, and that the ALJ's RFC determination and her ultimate finding of non-disability were otherwise supported by substantial evidence.

The Court, in finding that remand was necessary, determined that aspects of the ALJ's highly-specific RFC finding were not properly supported by competent medical opinion or any other evidence of record, both with respect to the 10% off-task limitation that the plaintiff had argued, and with respect to an incontinence accommodation consisting of specifically timed restroom breaks. Because the Court found that remand was necessary to reconsider plaintiff's disability claim in its entirety, the Court declined to reach plaintiff's other arguments. (Dkt. #10).

The Commissioner argues that the ALJ's RFC findings that formed the basis for the remand fall within the "hazy contours of the substantial evidence rule," and thus did not render the ALJ's analysis unreasonable, even if they resulted in a remand. (Dkt. #14 at 2).

The Court disagrees. While the remand was based on just one of plaintiff's three arguments, as well as an additional, identical error identified by the Court, it was nonetheless premised on the well-settled principle that a highly-specific RFC requires similarly specific evidentiary support, and that where material and obvious evidentiary gaps exist, it is the ALJ's duty to complete the record, rather than craft an RFC determination that is simply "unmoored from any medical opinion [and] based solely upon the ALJ's improper layperson interpretation" of the evidence. *Pringle v. Saul*, 2020 U.S. Dist. LEXIS 144879 at 6 (W.D.N.Y. 2020). *See* Dkt. 10 at 4 ("[i]t is well settled that, 'when assessing high[ly] specific RFC[s], such specificity must be based on the record, not the ALJ's own surmise")(quoting *Rachel J. v. Comm'r of Soc. Sec.*, 2022 U.S. Dist. LEXIS 12641 at *14 (W.D.N.Y. 2022)). *See also Joshua K. v. Comm'r of Soc. Sec.*, 2021 U.S. Dist. LEXIS 13450 at *6 (W.D.N.Y. 2021).

Because the legal principles upon which the remand was based were clear and longstanding, the Commissioner's defense of the ALJ's decision, which was flawed on its face, was not substantially justified, and the Commissioner has failed to meet their burden to demonstrate otherwise. *See Cassandra H. v. Comm'r of Soc. Sec.*, 2023 U.S. Dist. LEXIS 67781 at *8-*9 (W.D.N.Y. 2023)([while the Court did not disagree with the ALJ's analysis, and while it recognized that [the exertional findings of the ALJ were not inherently consistent with the ability to work], these facts alone are insufficient to establish that the Commissioner's position was substantially justified"). *See also Travis L. v. Saul*, 2021 U.S. Dist. LEXIS 116937 (N.D.N.Y. 2021)(court is not compelled to conclude that Commissioner's position was substantially justified, even where the court agreed with disputed portions of the ALJ's analysis). In any event, the fact that a reviewing court does not issue a "resounding rejection of the Commissioner's position" does not "mean that the Commissioner was substantially justified in arguing that the ALJ's initial decision . . . was supported by substantial evidence." *Padula v. Colvin*, 602 Fed. App'x 25, 28 (2d Cir. 2015).

The Commissioner makes no objection to the amount of the requested fee. Nonetheless, the Court has weighed its reasonableness, in light of the relevant factors, including the size of the record (here, nearly 1,500 pages, including over 1,100 pages of medical records), the complexity of the factual and legal issues involved, and counsel's experience and level of involvement. *See Cassandra H.*, 2023 U.S. Dist. LEXIS 67781 at *14. Here, counsel requests compensation for 39.5 hours of attorney time on the underlying matter, and 6 hours spent in responding to the Commissioner's opposition to this motion, multiplied by the statutory rate for each of the relevant calendar years. The Court finds that this number is within the reasonable range of hours typically

expended upon Social Security cases. Plaintiff's counsel is accordingly entitled to attorney's fees in the requested amount of $11,164.34.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for an award of attorney's fees under the EAJA (Dkt. #12) is granted. The Commissioner shall pay $11,164.34 to plaintiff's counsel, subject to offset under the Treasury Offset Program, if any.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated:  Rochester, New York
        June 18, 2024.

5